UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

───────────────────────────────────────────────

Pro-Troll Inc., *a California Corporation*,      File No. 20-cv-01576 (ECT/LIB)

    Plaintiff and Counter-Defendant,

v.                                           **OPINION AND ORDER**

KMDA, Inc., *a Minnesota Corporation*,

    Defendant and Counterclaimant,

and

Proking Spoon LLC, *a Michigan limited liability company*,

    Defendant.

───────────────────────────────────────────────

Carl E. Christensen and Aaron D. Sampsel, Christensen Law Office PLLC, Minneapolis, MN; and Peter J. Tormey, Antero & Tormey PC, Pleasant Hill, CA, for Plaintiff Pro-Troll Inc.

Kurt J. Niederluecke, Fredrikson & Byron, P.A., Minneapolis, MN; and Cara S. Donels, Fredrikson & Byron, P.A., Des Moines, IA, for Defendant KMDA, Inc.

───────────────────────────────────────────────

      Plaintiff Pro-Troll Inc. owns a design patent for a fishing lure (the '663 Patent). In this case, Pro-Troll accused Defendants Proking Spoon LLC and KMDA, Inc. of infringing the '663 Patent and of tortious interference with prospective economic relationships. KMDA sought summary judgment against Pro-Troll's claims, and that motion was granted following full briefing and a hearing. *Pro-Troll Inc. v. Proking Spoon LLC*, No. 20-cv-01576 (ECT/LIB), 2021 WL 5989942 (D. Minn. Dec. 17, 2021), ECF No. 53. In

granting that motion, I concluded: "No reasonable jury could conclude that the asserted patent's design and KMDA's accused designs would appear to a hypothetical ordinary observer to be substantially the same, and the tortious interference claim both is preempted by federal law and fails on the merits." *Id.* at *1. Familiarity with that decision is presumed here. KMDA now seeks an award of attorney fees under 35 U.S.C. § 285, arguing that the case is "exceptional." KMDA's motion will be denied. Though reasonable judges and lawyers could disagree, I conclude the better answer is that this case is not exceptional in the relevant sense.[1]

In a patent-infringement case, a federal district court "in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, the Supreme Court held "that an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." 572 U.S. 545, 554 (2014). Under this standard, "a district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at 555. In other words, conduct need not be sanctionable under another sanction-directed statute or rule to make a case

---

[1] On November 24, 2020, Pro-Troll filed an application for default against KMDA's co-defendant, Proking Spoon, because it failed to appear, and the Clerk entered default the next day. ECF Nos. 23, 25. Pro-Troll has not moved for default judgment against Proking Spoon. On June 28, 2022, Pro-Troll and KMDA filed a stipulation dismissing KMDA's counterclaims. ECF No. 79. Therefore, all that remains in this case are Pro-Troll's claims against Proking Spoon.

"exceptional" under § 285. "The party seeking fees must prove that the case is exceptional by a preponderance of the evidence, and the district court makes the exceptional-case determination on a case-by-case basis considering the totality of the circumstances." *Energy Heating, LLC v. Heat On-The-Fly, LLC*, 15 F.4th 1378, 1382 (Fed. Cir. 2021) (citing *Octane Fitness, LLC*, 572 U.S. at 557–58). Among other factors, a district court may consider "'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Octane Fitness, LLC*, 572 U.S. at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). "Section 285 demands a simple discretionary inquiry[.]" *Id.* at 557.

Several Federal Circuit cases indicate what circumstances might or might not make a patent-infringement case exceptional for purposes of § 285. *See, e.g.*, *Energy Heating, LLC*, 15 F.4th at 1383–84 (affirming district court's finding of exceptionality based on the complaining party's knowledge of its patent's invalidity "and that 'no reasonable person could expect to prevail on claims of the patent's validity,'" and holding that the absence of litigation misconduct does not necessarily preclude an exceptionality determination); *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1331–32 (Fed. Cir. 2021) (affirming finding of exceptionality based on district court's determination that defendant's litigation tactics were unreasonably aggressive in relation to the weakness of its case); *Fireblok IP Holdings, LLC v. Hilti, Inc.*, 855 F. App'x 735, 739 (Fed. Cir. 2021) ("The strength of a party's litigation position is what is relevant to an exceptional case determination, not the correctness or success of that position."); *Pirri v. Cheek*, 851 F. App'x 183, 188 (Fed. Cir.

2021) (affirming exceptionality finding based on fact that the plaintiff "continued to push frivolous arguments after the district court had definitively rejected them"); *SiOnyx LLC v. Hamamatsu Photonics K.K.*, 981 F.3d 1339, 1355 (Fed. Cir. 2020) (affirming finding of non-exceptionality based on district court's determinations that defendant's "noninfringement and invalidity defenses were not so weak as to be exceptional" and that delays resulting from defendant's litigation tactics were not alone defendant's purpose); *ATEN Int'l Co. v. Uniclass Tech. Co.*, 932 F.3d 1371, 1373 (Fed. Cir. 2019) (recognizing that "[t]here is no per se rule that a case is exceptional if litigation costs exceed the potential damages," and that a party's position is not exceptional merely because the position did not withstand summary judgment).

Here, though summary judgment was entered in KMDA's favor, neither the Parties' summary-judgment submissions, their arguments at the hearing, nor the decision granting KMDA's motion warrant concluding that Pro-Troll's position was exceptionally weak. Pro-Troll advanced several arguments in opposing KMDA's motion. Some were non-controversial. For example, Pro-Troll argued that the Examiner's use of "functional language" to describe the '663 Patent's voltage generator did not change the patent's character. Pl.'s Mem. in Opp'n [ECF No. 42] at 5 ("The term was used by the complainant in the reexamination procedure to refer to a structure on the claimed design—it does not refer to any functionality because functionality (*e.g.*, generating electricity) cannot form a basis for a design patent[.]"). Pro-Troll also accurately summarized aspects of the "ordinary observer" test. *Id.* at 6–7. The fighting issue concerned how to apply the rule limiting a design patent's protection to only the "*novel*, ornamental features of the patented

4

design." *Pro-Troll Inc.*, 2021 WL 5989942, at *2 (emphasis added) (citing *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997)). On this specific question, Pro-Troll seemed to argue that the Examiner's identification of specific features did not limit the claim and that, viewed without isolating these features, the '663 Patent and the accused design are virtually identical. *See* Pl.'s Mem. in Opp'n at 3–4, 7–8. Though these arguments were rejected, the summary-judgment order acknowledged that "Pro-Troll's general principles are right." *Pro-Troll Inc.*, 2021 WL 5989942, at *5. Pro-Troll advanced essentially these same arguments at the hearing. *See* Tr. [ECF No. 51] at 14–22. It would be a stretch to infer from the summary-judgment order that Pro-Troll's position was exceptionally weak. However straightforward the entry of summary judgment may seem in hindsight, reaching that conclusion required considerable time, attention to detail, and analysis.

Other features that have led courts to find exceptionality are absent from this case. There is no suggestion, for example, that Pro-Troll engaged in inappropriately aggressive litigation tactics or that Pro-Troll has done anything disproportionate to the case's value. Nor is there a suggestion that Pro-Troll has delayed the case's progress. To the contrary, it participated in an earlier-than-normal summary-judgment process, evidently without objection. *Compare* ECF No. 32 (establishing dispositive-motion deadline of May 31, 2022), *with* ECF No. 36 (showing that KMDA filed its summary-judgment motion on September 17, 2021).

KMDA advances several arguments in support of its attorney fees motion and an exceptionality finding, but none warrants that result:

5

(1) KMDA highlights the limited scope of the '663 Patent resulting from the Examiner's identification of "Reasons for Patentability and Confirmation," evidently implying that Pro-Troll's chances of success were comparably limited. Def.'s Mem. [ECF No. 62] at 2–3. As discussed above, this was a central question on KMDA's summary-judgment motion, and the better conclusion is that Pro-Troll's advocacy regarding this issue was not exceptionally weak.

(2) KMDA infers from the "non-specific" allegations in Pro-Troll's original Complaint that Pro-Troll may not have "analyzed KMDA's products prior to filing the present lawsuit." *Id.* at 3. (Pro-Troll subsequently filed an Amended Complaint. ECF No. 12.) Regardless, Pro-Troll was not required to allege its claims in its original Complaint with specificity; only "a short and plain statement of the claim" was required. Fed. R. Civ. P. 8(a)(2). Without more, the conclusion that Pro-Troll failed to conduct an adequate pre-suit investigation is not justified.

(3) KMDA includes with its motion documents showing that, before answering the Complaint, it notified Pro-Troll of the ultimately dispositive flaw in Pro-Troll's infringement claim. Def.'s Mem. at 4–5. The point seems to be that KMDA gave Pro-Troll everything it needed to understand that its claims lacked merit and that Pro-Troll should have dropped the case at that time. This seems to be another way of suggesting that Pro-Troll's position regarding the central issue was exceptionally weak from the beginning. That argument has been rejected.

(4) KMDA argues that Pro-Troll's Reply to KMDA's counterclaims reveals a lack of pre-suit investigation. *Id.* at 5; 11–12. KMDA points specifically at Pro-Troll's reply

6

to KMDA's factual allegations that KMDA's accused products lack a voltage generator. In reply to these allegations, Pro-Troll averred that it was "without sufficient information to admit or deny" the allegations. *Id.* The Federal Rules require a responding party "that lacks knowledge or information sufficient to form a belief about the truth of an allegation" to "so state." Fed. R. Civ. P. 8(b)(5). KMDA has a point. No matter how the absence of a voltage generator on the accused products factored in the case, that fact's overall importance should have led Pro-Troll to investigate and learn the fact before filing suit. Regardless, without more, it would be unwise to infer exceptional weakness from these averments. Pro-Troll did not allege that KMDA's accused products had a voltage generator, and Pro-Troll's ill-advised reply played no part in the summary-judgment process.[2]

(5) KMDA argues that Pro-Troll's infringement claim was objectively baseless because the summary-judgment decision concluded: "The claimed and accused designs are plainly dissimilar." Def.'s Mem. at 9 (emphasis omitted and quoting *Pro-Troll Inc.*, 2021 WL 5989942, at *4). The "plainly dissimilar" conclusion does not support an exceptionality finding. The phrase "plainly dissimilar" comes from the Federal Circuit's jurisprudence on design patent infringement, *see, e.g.*, *Super-Sparkly Safety Stuff, LLC v. Skyline USA, Inc.*, 836 F. App'x 895, 898 (Fed. Cir. 2020) (quoting *Egyptian Goddess, Inc.*

---

[2] It's important to keep in mind that in a design-patent case terms used to refer to parts of a design, like "voltage generator" or "fin," are just labels. The part called the "voltage generator" need not literally be a voltage generator, and the part called a "fin" need not do what fins do; the question is whether the accused products have something that looks like the labeled part, considering the design as a whole. *See Pro-Troll Inc.*, 2021 WL 5989942, at *1 n.1.

*v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008)), and a finding of "plain dissimilarity" does not equate necessarily to a determination that a case is exceptional for purposes of § 285.

(6) KMDA says this case is comparable to *Hunter's Edge, LLC v. Primos, Inc.*, No. 1:14-cv-00249-MHT-WC, 2016 WL 9244954, (M.D. Ala. Sept. 6, 2016), *report and recommendation adopted*, 2017 WL 2874571 (M.D. Ala. July 5, 2017), in which the court found exceptionality. Def.'s Mem. at 9–10. There are similarities, but *Hunter's Edge* is different in important ways. In the face of the defendant's lengthy and detailed summary-judgment brief, the plaintiff responded with barely more than four pages, which included just three sentences of argument which the court characterized as consisting only of conclusory statements. 2016 WL 9244954, at *2, 5. We don't have anything like that here. The *Hunter's Edge* court found the claimed and accused designs "markedly dissimilar." *Id.* at *4. If "markedly" means something beyond the Federal Circuit's "plainly dissimilar" articulation, that conclusion doesn't seem apt here.

(7) KMDA also cites *Yufa v. TSI Inc.*, No. 09-cv-01315-KAW, 2014 WL 4071902 (N.D. Cal. Aug. 14, 2014). Def.'s Mem. at 12. *Yufa* is distinguishable. The case was not exceptional solely because of an inadequate pre-suit investigation: another important factor was the patentee's continued prosecution of the case through summary judgment without any evidence to support his claims. *Id.* at *3. The court's fee award proves the point. The court awarded fees from after a certain point in the litigation, not from the beginning, suggesting the patentee's continued prosecution of the case was the driving factor. And the noninfringement question was much more straightforward in *Yufa*: the patented

invention—entitled "Methods and Wireless Communicating Particle Counting and Measuring Apparatus"—did not use a "reference voltage," while the accused products required one, a simple yes-no question. *Id.* at *3, 5. In this design-patent case, the question of whether the accused products were plainly dissimilar was not so obvious.

In sum, I conclude that this is not a "rare case" that "stands out from the others with respect to the substantive strength" of Pro-Troll's claims such that a finding of exceptionality is justified under § 285.

### ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS ORDERED THAT** Defendant KMDA, Inc.'s Motion for Attorneys' Fees [ECF No. 61] is **DENIED**.

Dated:  June 30, 2022                              s/ Eric C. Tostrud
                                                   Eric C. Tostrud
                                                   United States District Court